IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
------------------------------------------------    :
BRUNO GRAFF,                                         : CASE NO. 1:03 CV 01939
                                                     :
                          Petitioner,                :
                                                     :
              -vs-                                   : ORDER ADOPTING REPORT AND
                                                     : RECOMMENDATION AND
                                                     : DISMISSING THE PETITION WITHOUT
MARGARET BRADSHAW,                                   : FURTHER PROCEEDINGS
                                                     :
                          Respondent.    :
------------------------------------------------
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS


        Proceeding pro se, plaintiff Bruno Graff brings a habeas corpus petition,

pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2254, challenging his 1998 conviction for murder in the Cuyahoga County,

Ohio, Court of Common Pleas.  This matter was referred to United States Magistrate

Judge Kenneth S. McHargh for a Report and Recommendation ("R&R"), pursuant to

Local Civil Rule 72.2(b)(2).  (Doc. #21).  In his R&R, Magistrate Judge McHargh finds

Mr. Graff's petition to be time-barred.  (Doc #26).  Accordingly, he recommends this

Court dismiss the petition without further proceedings.  (Id.)

        For the following reasons, this Court will adopt Magistrate Judge McHargh's

R&R and Mr. Graff's petition will be dismissed without further proceedings.

**I. ANALYSIS**

Under Rule 72(b) of the Federal Rules of Civil Procedure, a Court reviews de novo "any portion" of a report and recommendation to which a "specific" objection has been made.

The petitioner, Mr. Graff, filed a timely objection to Magistrate Judge McHargh's R&R.  (Doc #28).  Mr. Graff first "object[s] to the magistrate's report in its entirety as being contrary to all controlling precedant [sic] authorities of law as submitted and cited in the petitioner's previously submitted contra response to the respondent's motion to dismiss."  (Id. (referring to Doc. #25: Petitioner's Contra Response to Respondent's Motion to dismiss)).  Second, Mr. Graff states that his previous claims "included 'Actual Innocence'" and, therefore, should be heard "in spite of procedural defaults and untimeliness."  (Id.)

Mr. Graff's first argument is not a "specific" objection; rather, it is a general reiteration of the objections made in his response to the respondent's motion to dismiss, (Doc. #25), objections which were thoroughly analyzed and resolved in Magistrate Judge McHargh's R&R, (Doc. # 26), and are adopted now by this Court. A mere reference to arguments previously raised is a disagreement with the Magistrate Judge's resolution, not an "objection" of the sort contemplated in this context, one which will provide the District Court  "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  Because Mr. Graff has offered no additional argument not already addressed and rejected by the R&R, this

2

Court will adopt Magistrate Judge McHargh's R&R over Mr. Graff's first objection.

See also Brumley v. Wingard, 269 F.3d 629, 647 (6th Cir. 2001) (noting that the

district court did not abuse its discretion when adopting an R&R when a party had

failed to raise any new arguments in its objections).

Mr. Graff next states that his previous claims "included 'Actual Innocence'" and,

therefore, should be heard "in spite of procedural defaults and untimeliness."

Contrary to Mr. Graff's assertion, Mr. Graff's petition does not assert a claim of

"actual innocence."[1]  (See Doc #1, at 5-6(a)).  In response to question number ten on

his petition form, Mr. Graff states that the ground on which he had previously filed a

"petition, application, or motion with respect to this judgment...," was "actual

innocense [sic];" however, even accepting such an assertion as true, the Cuyahoga

County Court of Common Pleas dismissed that petition without prejudice on 18 March

---

[1]Mr. Graff asserts eight claims in his petition for a writ of habeas corpus:
  1) The trial court's jury instructions were plainly erroneous and prejudiced the Petitioner in violation of the Due Process Clause of the Fourteenth Amendment and counsel was ineffective under the Sixth Amendment for failing to object to such fundamentally flawed instructions.
  2) The verdict is against the weight of the evidence because the evidence is insufficient to convict Petitioner of murder.
  3) The trial court's jury instructions were plainly erroneous and prejudiced Petitioner in violation of the Due Process Clause of the Fourteenth Amendment.
  4) The trial court's failure to investigate Juror #2's close relationship to the decedent clearly prejudiced Petitioner's constitutional right to a fair and impartial trial in violation of the Sixth and Fourteenth Amendments.
  5) Trial counsel erred when he failed to move for dismissal of Juror #2 or to move for a mistrial or new trial and failure to advocate Petitioner's Sixth Amendment right to effective assistance of counsel.
  6) Petitioner was deprived of his right to effective assistance of appellate counsel on his first direct appeal in violation of his Sixth and Fourteenth Amendments [sic] right.
(Doc. #1, at 5-6(a)).

3

2002 for lack of jurisdiction.  Because Mr. Graff's petition did not raise the claim of actual innocence, Magistrate Judge McHargh's R&R does not address the issue.

Even if this Court were to entertain a claim of actual innocence at this late date, such an argument would fail.  Although the Sixth Circuit has not yet decided whether actual innocence would constitute an exception to the statute of limitations, see Allen v. Yukins, 366 F.3d 396, 404 (6th Cir. 2004), it has noted "that the actual-innocence exception 'requires petitioner to "show that it is more likely than not" that no reasonable juror would have found [him] guilty beyond a reasonable doubt in light of all the evidence.'" Id., (quoting  Whalen v. Randle, 37 Fed.Appx. 113, 121 (6th Cir. 2002) (unpublished) (citing Schulp v. Delo, 513 U.S. 298, 327 (1995)).  Mr. Graff has at no time presented evidence of his innocence; all evidence of innocence was heard and ruled upon during his jury trial.  Clearly, a reasonable juror would be able to find Mr. Graff guilty beyond a reasonable doubt, based on the evidence.

**II. CONCLUSION**

For the reasons set forth above, the Magistrate Judge's R&R is adopted.  Mr. Graff's petition is dismissed without further proceedings.

IT IS SO ORDERED.

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated:   29 September 2005

4